Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK GREENE,

          Plaintiff,

   v.

SHERRIL HUFF,

          Defendant.

C09-1316-JCC

**ORDER**

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 32). The Court has also reviewed Plaintiff's response (Dkt. No. 33), Defendant's reply (Dkt. No. 36), and the parties' various exhibits and declarations. Having concluded that oral argument is unnecessary, the Court hereby GRANTS Defendant's motion for the reasons explained below.

I.      **BACKGROUND**

Plaintiff Mark Greene challenges the constitutionality of Washington State election law, which requires that candidates for public office pay a filing fee equal to one percent of the office's annual salary. *See* WASH. REV. CODE 29A.24.081. A person who lacks the necessary funds may offer signatures in lieu of the filing fee by submitting a nominating petition that "contain[s] not less than a number of signatures of registered voters equal to the number of dollars of the filing fee." *Id.*

Plaintiff submitted a declaration of candidacy for King County Sheriff with the County Department of Elections on September 10, 2009. The King County Sheriff receives an annual salary of approximately $155,800 per year, meaning that Washington law required Plaintiff to submit either $1558 or 1558 signatures. He submitted neither. Defendant Sherril Huff, who is the director of the King County Department of Elections, notified Plaintiff via letter that his petition for candidacy was insufficient. The letter concluded by informing Plaintiff that he must either pay the required fee or submit the necessary signatures by no later than November 2, 2009. (Letter (Dkt. No. 19 at 4)). Plaintiff never paid the fee or filed the necessary signatures, and his name was not listed on the 2010 ballot.

Plaintiff commenced this action on September 16, 2009, alleging that Washington State election law violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. (Complaint 4 (Dkt. No. 4)). As Plaintiff states, "[T]he statutory law of Washington . . . is a violation of the Fourteenth Amendment . . . because it creates unequal standards in which candidates for the same office file for office, specifically violating the Equal Protection Clause." (*Id.*).

## II.    SUMMARY-JUDGMENT STANDARD

Summary judgment is proper when the pleadings, answers to interrogatories, admissions and affidavits, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A moving party need not produce evidence tending to show the absence of a material fact; instead, a party may move for summary judgment by arguing that the non-moving party lacks evidence to support an essential element of his or her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A non-moving party confronted with such a motion must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Cases involving constitutional questions are well suited for summary judgment when the parties agree on the material facts, and the only question is whether there exists a constitutional basis supporting the plaintiff's claim for relief. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2732.2 (3d ed. 1998).

1

**III.    DISCUSSION**

2    The material facts of this case are virtually indistinguishable from *Andress v. Reed*, 880 F.2d 239

3    (9th Cir. 1989). In *Andress*, a would-be candidate for California public office was denied access to the

4    ballot because he failed to either pay the required $1502 filing fee or submit the required 10,000

5    signatures in lieu of the filing fee. *Andress*, 880 F.2d at 240. The would-be candidate filed suit, alleging

6    that the California law violated his civil rights by denying him equal access to the state ballot. *Id.*

7    The Ninth Circuit rejected his argument. The court found that California "has a legitimate

8    interest to ensure the seriousness of a candidate for statewide office[,]" and that "[o]ne recognized

9    method to gain this assurance is a show of support for the candidate through the signatures of significant

10   numbers of registered voters." *Id.* at 242. The court recognized that a state must provide indigent

11   candidates with some method of securing ballot access other than payment of an insurmountably high

12   filing fee, *id.* at 240–41, but concluded that requiring a candidate to "collect ten thousand signatures

13   within approximately forty-five days is reasonable and constitutionally adequate." *Id.* at 242.

14   As with California, so too with Washington: Both states have provided methods of securing

15   ballot access to indigent candidates that simultaneously protect the states' interests in guaranteeing some

16   quantum of public support for ballot candidates. Just as California was entitled to require ten thousand

17   signatures in lieu of a $1502 filing fee in order to preserve the integrity of its state ballots, so is

18   Washington entitled to require 1558 signatures in lieu of a $1558 filing fee for the same purpose.

19   Plaintiff's attempt to distinguish this case from *Andress* fails. Plaintiff argues that this case is

20   different because "the number [of required signatures] for election candidacy petitions in Washington

21   changes upward from election to election, depending on the salaries of elected officeholders[.]" (Resp. 3

22   (Dkt. No. 33)). Plaintiff nowhere explains how this difference affects the constitutional analysis. For this

23   Court, it does not. The Ninth Circuit has held that a state may require a potential candidate to collect ten

24   thousand signatures to secure ballot access; Washington required that Plaintiff collect far fewer. The

25   *material* facts compel one conclusion: Defendant is entitled to summary judgment.

26

1

**IV.     CONCLUSION**

2

For the aforementioned reasons, the Court hereby GRANTS Defendant's motion for summary

3

judgment. The Clerk of the Court shall strike all pending motions as moot and close this case.

4

5

SO ORDERED this 25th day of March, 2010.

6

7

8

JOHN C. COUGHENOUR
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER, C09-1316-JCC
Page 4